IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

UNITED STATES OF AMERICA

v.

DALE BRITT BENDLER,

Defendant.

Case No. 1:25-cr-00109-RDA

FILED IN OPEN COURT
APR 23 2025
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

CRIMINAL INFORMATION

THE UNITED STATES ATTORNEY CHARGES THAT:

GENERAL ALLEGATIONS

1. The Central Intelligence Agency ("CIA") was a U.S. government intelligence agency headquartered in Langley, Virginia, in the Eastern District of Virginia. The CIA was responsible for, among other things, collecting information that revealed the plans, intentions, and capabilities of the United States's adversaries and the bases for their decisions and actions as well as conducting clandestine actions, at the direction of the President of the United States and his authorized designees, designed to preempt threats or achieve U.S. policy objectives.

2. From at least in or about July 2017 and continuing through at least in or about July 2020, the defendant, DALE BRITT BENDLER, a retired senior intelligence officer of the CIA, engaged in unauthorized and hidden lobbying and public relations activities for foreign nationals and others while also working as a full-time CIA contractor. During this time, defendant abused his access to CIA resources and personnel, including by improperly storing and disclosing non-public, sensitive, and classified U.S. government documents and materials to recipients not authorized to receive such information, and misled, deceived, and lied to the CIA and the Federal Bureau of Investigation about his status as a foreign agent and his unauthorized

lobbying and public relations activities, which included attempts to influence other CIA personnel. In September 2020, the CIA terminated defendant's contract and revoked his U.S. security clearance.

### Individuals and Companies

3. The defendant, DALE BRITT BENDLER, was a retired CIA intelligence officer who had worked as an employee for the CIA for over 30 years. During his time as a CIA employee, defendant held a U.S. security clearance and was eligible to access material classified up to and including the Top Secret/Sensitive Compartmented Information ("TS/SCI") level. Information marked "SCI" was to be processed, stored, used, or discussed in an accredited Sensitive Compartmented Information Facility ("SCIF"), and only individuals with the appropriate security clearance, a need to know such national security information, and additional SCI permissions were authorized to have access to such information. As a CIA officer, defendant received regular training on reporting activities outside of his CIA employment, unofficial contact with foreign nationals, outside sources of income, and the proper handling and dissemination of classified information.

4. Defendant retired from the CIA in approximately 2014 as a member of the Senior Intelligence Service. Immediately after his retirement in 2014, defendant rejoined the CIA as a full-time contractor. In his contractor position, defendant continued to maintain a TS/SCI security clearance and had employee-like access to information about numerous highly sensitive and classified U.S. government programs and activities. In defendant's own words, he had "tremendous access" at CIA. During his tenure with the CIA—as an employee and as a contractor—defendant signed numerous non-disclosure and secrecy agreements. He also received regular training on ethics, reporting obligations, and information security.

5. "U.S. Lobbying Firm" was a lobbying and communications firm based in Washington, D.C. Beginning in approximately 2017, while a full-time CIA contractor, defendant began working as a consultant for U.S. Lobbying Firm and some of its foreign national clients, including Foreign Principal 1 and Foreign Principal 2. From the beginning of defendant's relationship with U.S. Lobbying Firm, all of his work with U.S. Lobbying Firm was for specific clients who hired U.S. Lobbying Firm to help resolve specific issues. These issues often involved the U.S. government or a foreign government.

6. "Foreign Principal 1" was a foreign national based outside the United States. Foreign Principal 1 was the founder of an asset management firm that had previously managed the sovereign wealth fund of a foreign country ("Foreign Country 1").

7. "Foreign Principal 2" was a foreign national based outside the United States. Foreign Principal 2 was the founder of an import-export business conglomerate in another foreign country ("Foreign County 2").

Classified Information

8. Under Executive Order 13526, classified information is, by definition, information that is "owned by, controlled by or for, or is under the control of the United States Government." The unauthorized disclosure of information classified at the SECRET level reasonably could be expected to cause serious damage to the national security of the United States. "Damage to the national security" means harm to the national defense or foreign relations of the United States from the unauthorized disclosure of information, taking into consideration such aspects of the information as the sensitivity, value, utility, and provenance of that information.

9. Some information is classified because of the sources and methods that were used to obtain the information. Such sources and methods can be extremely sensitive and costly, and if disclosed in an unauthorized manner, can damage, or even eliminate, the ongoing viability and value of such sources and methods.

10. The distribution of classified information can also be restricted using dissemination controls and markings such as "NF" or "NOFORN," which stands for "No Foreign Dissemination." The NOFORN marking denotes that dissemination of the information is limited to U.S. persons.

Officers Acting as Agents of Foreign Principals

11. Public officials, as defined in 18 U.S.C. § 219(c), cannot be or act as an agent of a foreign principal required to register under the Foreign Agents Registration Act ("FARA"), 22 U.S.C. § 611 *et seq.* FARA is a registration and disclosure statute that requires any person acting in the United States as "an agent of a foreign principal" to register with the Attorney General if he or she is engaging, directly or through another person, in certain types of conduct, such as political activities, political consulting, public relations, or publicity activities, for or in the interest of a foreign principal.

COUNT ONE

**Public Official Acting as an Agent of a Foreign Principal
(18 U.S.C. § 219)**

1. The general allegations of this Criminal Information are re-alleged and incorporated into this Count as though fully set forth herein.

2. Between in or about July 2017 and continuing through at least in or about July 2020, in the Eastern District of Virginia, and elsewhere, the defendant, DALE BRITT BENDLER, while being a public official, knowingly and unlawfully was and acted as an agent

4

of a foreign principal required to register under the Foreign Agents Registration Act, that is, BENDLER agreed to and did act within the United States as an agent of Foreign Principals 1 and 2 by engaging in activities that required him to register under the Foreign Agents Registration Act, in violation of Title 18, United States Code, Section 219.

## COUNT TWO

### Unauthorized Removal and Retention of Classified Documents or Material
### (18 U.S.C. § 1924)

1. The general allegations of this Criminal Information are re-alleged and incorporated into this Count as though fully set forth herein.

2. Between in or about July 2017 and continuing through at least in or about July 2020, in the Eastern District of Virginia, and elsewhere, the defendant, DALE BRITT BENDLER, being an officer, employee, contractor, and consultant of the United States, and, by virtue of such office, employment, position, and contract, became possessed of documents and materials containing classified information of the United States, as defined in 18 U.S.C. § 1924(c), classified up to the SECRET//NOFORN level, and knowingly removed such documents and materials without authority and with the intent to retain such documents and materials at an unauthorized location, in violation of Title 18, United States Code, Section 1924.

## NOTICE OF FORFEITURE

Upon conviction of the offense set forth in Count One of this Criminal Information, the defendant shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1), the sum of $85,000, as any property constituting or derived from proceeds traceable to that offense.

Erik S. Siebert
United States Attorney

By: _____
Gordon D. Kromberg
Assistant United States Attorney

_____
Adam P. Barry
Trial Attorney

Heather M. Schmidt
Senior Trial Attorney
Counterintelligence and Export Control Section
National Security Division
U.S. Department of Justice