# Exhibit A

| From: | Schmidt, Heather (NSD) |
|---|---|
| To: | Jesse Binnall |
| Cc: | Jared Roberts; Gerald Urbanek; Barry, Adam (NSD); Kromberg, Gordon (USAVAE) |
| Subject: | RE: [EXTERNAL] US v. Bendler / Brady Request |
| Date: | Wednesday, November 5, 2025 9:53:36 AM |

Jesse,

We are in receipt of your discovery letters dated October 28 and November 3, 2025. As an initial matter, the Government is aware of its discovery obligations in this case, including its *Brady* obligations, and will continue to comply with those obligations. The defendant, with the advice of counsel, negotiated a pre-indictment plea agreement that provided him with substantial benefits in exchange for, among other things, waiving "the right to any further discovery or disclosures of information not already provided at the time of the entry of the guilty plea . . ." Plea Agreement ¶ 5. The only exception to the discovery waiver is favorable evidence under *Brady*. None of the categories of information that you have requested in your letters is discoverable under *Brady*, either as to guilt or punishment. This is especially true because the information that you request from the Government is already known to Mr. Bendler and he is currently able to provide that information to the Court for consideration at sentencing.

Many of your requests for information are also untimely. Mr. Bendler sat for three proffers over an extended period, negotiated a plea agreement with the assistance of two different counsel, and pleaded guilty in court in April 2025. At no point did Mr. Bendler or any of his attorneys request the information that you now request despite being aware of that information for months, if not years. Indeed, some of the information that you now formally request was already provided to Mr. Bendler and his counsel orally during his proffers and is described in the plea agreement's Statement of Facts that Mr. Bendler reviewed and agreed was factually accurate.

If you plan to pursue this matter further with the Court, please do so promptly so that we can respond and the Court can rule in advance of the November 20 sentencing hearing. As a reminder, Judge Alston typically expects to receive sentencing submissions at least a week in advance of the sentencing hearing.

Adam, Gordon, and Heather

---

**From:** Jesse Binnall <jesse@binnall.com>
**Sent:** Tuesday, October 28, 2025 12:54 PM
**To:** Barry, Adam (NSD) <Adam.Barry@usdoj.gov>; Kromberg, Gordon (USAVAE) <Gordon.Kromberg@usdoj.gov>; Schmidt, Heather (NSD) <Heather.Schmidt@usdoj.gov>
**Cc:** Jared Roberts <jared@binnall.com>; Gerald Urbanek <gerald@binnall.com>
**Subject:** [EXTERNAL] US v. Bendler / Brady Request

Adam, Gordon, and Heather:

Please see attached.

Jesse

--

**Jesse R. Binnall**
**Partner** | Binnall Law Group
717 King Street | Suite 200 | Alexandria, VA 22314
(571) 467-6566 (direct)
(703) 888-1943 (office)
jesse@binnall.com



This electronic message transmission contains information from the Binnall Law Group, PLLC that may be confidential or privileged.  The information is intended solely for the recipient and use by any other party is not authorized.  If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited.  If you have received this electronic transmission in error, please notify us immediately by telephone at (703) 888-1943 or by replying to this e-mail.  Thank you.

 

**Jesse R. Binnall**
PARTNER

P: 703-888-1943 • F: 703-888-1930
717 King Street, Suite 200 • Alexandria, VA 22314

D: 571-467-6566
E: jesse@binnall.com

October 27, 2025

BY ELECTRONIC MAIL
Mr. Adam P. Barry
Assistant United States Attorney
National Security Division
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530
Email: Adam.Barry@usdoj.gov

Re: Request for *Brady* Materials

Dear Adam:

    I am writing to you to request that the government produce *Brady* material, specifically documents which will be beneficial to our client at sentencing and will provide the court with context relevant to the facts of this case ("Documents"). Pursuant to Paragraph 5 of the Plea Agreement, our client is entitled to discovery and disclosure of favorable evidence, in accordance with *Brady v. Maryland,* which was not made available to him at the time of his plea. And per the Supreme Court's ruling in *Brady*, a criminal defendant is entitled to obtain evidence favorable to either "guilt or *punishment.*" 373 U.S. 83, 87, 83 (1963) (emphasis added). Several of these requests will be made under separate cover, pursuant to the Classified Information Protection Act. We are also requesting the following non-classified documents:

a. An "outside activities request" submitted by Mr. Bendler to the CIA's Office of Security on or about July or August of 2017 seeking written approval to work for his consulting firm.

b. An "outside activities request" submitted by Mr. Bendler to the CIA's Office of Security on or about July or August of 2017 seeking written approval to perform work for Foreign Principal 1.

c. An email written by Mr. Bendler to the CIA's Office of General Counsel in the early part of 2018 seeking guidance as to the performance and acceptability of his private sector consulting work.

    In addition to the Documents generated directly by our client, our request includes any responses to these Documents which were created by any agent or

employee of the United States government, and any summaries or memoranda which relate to the Documents.

      To the extent you wish to discuss this request further, please contact me at your earliest convenience.

Sincerely,

Jesse R. Binnall

cc:      Gordon D. Kromberg Gordon.Kromberg@usdoj.gov
          Gerald Urbanek gerald@binnall.com
          Jared Roberts jared@binnall.com