UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DALE BRITT BENDLER<br><br>Defendant. | Case No. 1:25-CR-00109-RDA |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF HIS
MOTION TO FILE MEDICAL RECORDS UNDER SEAL**

Defendant, Dale Britt Bendler, files this Memorandum in Support of his Motion to File Medical Records Under Seal in accordance with Local Criminal Rule 49 (D).

## AUTHORITY

"When presented with a request to seal judicial records or documents, a district court must comply with certain substantive and procedural requirements." *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 576 (4th Cir. 2004). "As to the substance, the district court first 'must determine the source of the right of access with respect to each document,' because '[o]nly then can it accurately weigh the competing interests at stake.'" *Id.* As to procedure, "the district court must (1) give the public adequate notice of a request to seal and a reasonable opportunity to challenge it, (2) consider less drastic alternatives to sealing, and (3) if it decides to seal, state the reasons, supported by specific findings, behind its decision and the reasons for rejecting alternatives to sealing." *Gonzalez v. Cuccinelli*, 985 F.3d 357, 376 (4th Cir. 2021).

"The right of public access derives from two independent sources: the First Amendment and the common law." *In re U.S. for an Ord. Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d

1

283, 290 (4th Cir. 2013). Indeed, "the Supreme Court [has] recognized a common law right to inspect and copy judicial records and documents." *United States v. Harris*, 890 F.3d 480, 492 (4th Cir. 2018) (citing *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984)). Nevertheless, "the right to inspect and copy judicial records is not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Rather, "[e]very court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Id.*

Thus, under the common law, "the decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Id.* at 599. "For example, the common-law right of inspection has bowed before the power of a court to insure that its records are not 'used to gratify private spite or promote public scandal' through the publication of 'the painful and sometimes disgusting details of a divorce case.'" *Id.* at 598. "Similarly, courts have refused to permit their files to serve as reservoirs of libelous statements for press consumption." *Id.*

"In contrast to the common law, 'the First Amendment guarantee of access has been extended only to particular judicial records and documents.'" *Virginia Dep't of State Police*, 386 F.3d at 575. Of those documents and judicial records, the Fourth Circuit has held "that the First Amendment right of access applies to documents filed in connection with plea hearings and sentencing hearings in criminal cases, as well as to the hearings themselves." *In re Washington Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986). In order for a court to seal documents subject to the First Amendment right of access, courts must ensure "(1) closure serves a compelling interest; (2) there is a 'substantial probability' that, in the absence of closure, that compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect that

compelling interest." *Gonzalez*, 985 F.3d at 377. *In re Washington Post Co.* notwithstanding, the Fourth Circuit has subsequently declined to "conclusively decide this issue." *United States v. Doe*, 962 F.3d 139, 146 (4th Cir. 2020) (see *Am. C.L. Union v. Holder*, 673 F.3d 245, 252 (4th Cir. 2011)) (see also *Harris*, 890 F.3d at 491-492)).

As to confidential medical records, medical information is "universally presumed to be private, not public." *United States v. Kravetz*, 706 F.3d 47, 63 (1st Cir. 2013) (citing *In re Bos. Herald, Inc.,* 321 F.3d 174, 189 (1st Cir. 2003)). Specifically, medical records are the sort of documents which frequently include the details of a person's family history, genetic testing, and history of diseases and treatments. *Id.* at 63. "In addition, '[s]ubjective remarks about a patient's demeanor, character, and mental state are sometimes a part of the record.'" *Id*. (citing U.S. Congress, Office of Technology Assessment, Protecting Privacy in Computerized Medical Information, OTA–TCT–576 (Sept. 1993)). "Disclosure of this peripheral information may only serve to 'gratify private spite or promote public scandal.'" *Id.* (citing *Nixon,* 435 U.S. at 598).

Indeed, the sealing of medical records by courts within the Fourth Circuit is not a matter of first impression. For example, in the case of *United States v. McComber*, the United States District Court for the District of Maryland concluded that the psychological evaluation of a criminal defendant, filed with the court for consideration at sentencing, warranted sealing. No. CR ELH-21-036, 2024 WL 2804039, at *13 (D. Md. May 31, 2024).

> I readily conclude that the Psychological Evaluation merits sealing. It describes in clinical detail the most intimate aspects of defendant's personal and medical history. Although all information presented to a sentencing court is relevant to the court's decision, the information in the Psychological Evaluation is, under the circumstances attendant here, clearly "peripheral." Publishing this information on the public docket would likely do little to aid the public in its understanding of the sentence that is ultimately imposed. But, it would make the Court an accessory in laying bare the most private aspects of defendant's life. It is in exactly this circumstance that sealing is warranted.

*Id.* (cleaned up, internal citations omitted).

## ARGUMENT

As to the substantive portion of the analysis presently before this Court, *i.e.* whether the First Amendment right of access or the common law right of access is most applicable to Mr. Bendler's medical records introduced for sentencing, the Fourth Circuit has not conclusively decided that issue. Nevertheless, keeping Mr. Bendler's medical records under seal is warranted and appropriate under both the First Amendment and the common law.

As to the First Amendment right of access, the sealing of Mr. Bendler's medical records serves a compelling interest, as medical records are "universally presumed to be private, not public." In the absence of sealing Mr. Bendler's records, there is a "substantial probability," and indeed a guaranteed outcome, that Mr. Bendler's interest in the privacy of his medical records will be irrevocably harmed. To wit, these records have never been made public and will lay bare "the most private aspects" of his life, including information related to prescribed medications, surgical history, and medical diagnoses. Finally, there is no alternative to sealing the medical records that would adequately protect Mr. Bendler's compelling privacy interest.

As to the common law right of access, this Court has discretion to restrict public access to Mr. Bendler's medical records in light of the relevant facts and circumstances of the documents in question and this case in particular. Although aspects of the medical records may be considered by this Court when it renders its sentence, large portions of those records are merely peripheral and contain private and sensitive information which is of no legitimate interest to the public. Indeed, exposure of the medical records to the public would be tantamount to publishing the most painful and personal aspects of Mr. Bendler's life and promote public spectacle.

To date, Mr. Bendler has filed a sentencing memorandum, which is available to the public, and that memorandum sufficiently informs the public regarding the nature of his arguments at sentencing. For this reason, and the foregoing, the public's right of access to the proceedings before this Court, and this Court's ultimate decision as to Mr. Bendler's sentence, is satisfied.

## CONCLUSION

For the reasons stated herein, Mr. Bendler has provided sufficient basis for this Court to permanently seal his medical records, and this Court should grant his motion and proposed Order.

Dated: November 20, 2025            DALE BRITT BENDLER

*By Counsel*

*/s/     Gerald A. Urbanek, Jr.*
Jesse R. Binnall, VSB No. 79292
Jared J. Roberts, VSB No. 97192
Gerald A. Urbanek, Jr., VSB No. 95043
BINNALL LAW GROUP
717 King Street, Suite 200
Alexandria, Virginia 22314
Phone: (703) 888-1943
Fax: (703) 888-1930
jesse@binnall.com
jared@binnall.com
gerald@binnall.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

  I hereby certify that on November 20, 2025, a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, which will send a copy to all counsel of record.

                     <u>/s/  Gerald A. Urbanek, Jr.  </u>
                     Gerald A. Urbanek, Jr.
                     *Counsel for Defendant*